UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAPPY CP COMPANY LIMITED,<br><br>Petitioner,<br><br>v.<br><br>LB ACCESSORIES LLC, *et al.*,<br><br>Respondents. | Case No.  2:24-cv-2274-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Happy CP Company Limited ("Happy CP") filed this action seeking to confirm a foreign arbitration award that it obtained against respondents LB Accessories LLC and Megan Castillo.  Respondents have not appeared, and petitioner now moves for default judgment.  ECF No. 14.  I recommend that the motion be granted.

**Background**

In September 2022, petitioner, a Hong Kong company, entered into a contract with LB Accessories LLC under which petitioner agreed to purchase a portion of LB Accessories' future receivables in exchange for a percentage of its monthly deposits, with payments secured by irrevocable letters of instructions to banks and payment processors.  ECF No. 1 at 3.  Castillo guaranteed LB Accessories' performance under the contract, including payment of any outstanding amounts, and agreed to indemnify petitioner against liabilities arising from the contract.  *Id.*

1

1  Petitioner alleges that LB Accessories defaulted on its obligations, including by failing to
2  provide the necessary authorizations to banks and processors, leading to petitioner's termination
3  of the parties' contract. *Id.* at 3-4. In July 2023, petitioner initiated arbitration, which was
4  administered by the Hong Kong International Arbitration Centre, to recover the balance of the
5  purchased amount and late fees. *Id.* at 4. On April 3, 2024, an arbitrator found that petitioner
6  lawfully terminated the contract and that respondents were liable for the purchase amount and late
7  fees—totaling $150,384.64—plus petitioner's tribunal fees, legal expenses, and administrative
8  costs.[1] *Id.*

9  Petitioner subsequently filed this action to confirm the arbitration award. After several
10 unsuccessful attempts to personally serve respondents, petitioner moved to complete service
11 pursuant to California Code of Civil Procedure section 415.30. ECF No. 6. The court granted
12 that motion and ordered service to be completed by affixing a copy of the complaint of summons
13 at respondents' address and by delivering the same via both mail and email. ECF No. 8. In early
14 2025, petitioner notified the court that it had completed service on December 30, 2024. ECF No.
15 10. After respondents failed to appear or to respond to the petition to confirm the arbitration
16 award, petitioner requested entry of their default, ECF No. 12, which the Clerk of Court entered
17 on February 3, 2025, ECF No. 13. The instant motion followed. ECF No. 14.

## Legal Standard

19 Under Federal Rule of Civil Procedure 55, default may be entered against a party who
20 fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a]
21 defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."
22 *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v.
23 Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion
24 for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In
25 exercising that discretion, the court considers the following factors:

---

[1] Respondents did not participate in arbitration.

2

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

I.   Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors

The first two *Eitel* factors weigh in favor granting the petition to confirm arbitration and entry of default judgment.

"Congress enacted Chapter Two of the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. §§ 201-208, to provide for the effective and efficient resolution of international arbitral disputes after the United States entered into the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, June 1958) ('the New York Convention' or 'Convention')." *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1133 (9th Cir. 2022). "[A] party to a foreign arbitration may apply to federal district court 'for an order confirming the award as against any other party to the arbitration.'" *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992) (quoting 9 U.S.C. § 207). In considering a petition to confirm an award, the "district court has little discretion: 'The court *shall confirm* the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of

3

1   the award specified in the Convention.'" *Id.* (emphasis in original).

2       An arbitration award falls under the New York Convention if it arises "out of a legal
3   relationship, whether contractual or not, which is considered as commercial" unless that
4   relationship is "entirely between United States citizens." 9 U.S.C. § 202. The burden of
5   demonstrating the existence of a New York Convention lies with the party seeking to avoid
6   enforcement of the award. *Polimaster Ltd. V. RAE Systems, Inc.*, 623 F.3d 832, 836 (9th Cir.
7   2010).

8       Petitioner alleged that the arbitration award arises out of contracts between it, a Hong
9   Kong limited liability company, and LB Accessories, a California company, and Castillo, a
10  United States citizen. Accordingly, the award falls under the New York Convention. Since
11  respondents have not appeared, they have not met their substantial burden of showing that a
12  defense applies. Accordingly, the court confirms the award under the New York Convention.
13  *See China Nat'l Metal Prods. Import/Export Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799–800
14  (9th Cir. 2004) ("Our review of a foreign arbitration award is quite circumscribed. Rather than
15  review the merits of the underlying arbitration, we review de novo only whether the party
16  established a defense under the Convention."). Petitioner's allegations demonstrate that the
17  arbitration award should be enforced.

18      The remaining *Eitel* factors also weigh in favor of default judgment. Respondents were
19  served, ECF Nos. 8 & 11, but have not responded. Thus, it appears that their default was not due
20  to excusable neglect. Petitioner seeks default judgment of $204,988.69—the amount of damages
21  it sustained plus the costs incurred in arbitrating its claim—which is proportional to the harm
22  resulting from respondents' conduct. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725
23  F.Supp.2d 916, 921 (C.D. Cal. 2010). And when accepting petitioner's allegations as true, there
24  is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v.
25  Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded
26  complaint are taken as true after the court clerk enters default judgment, there is no likelihood that
27  any genuine issue of material fact exists."). Additionally, because respondents have not appeared
28  in this action, petitioner has no way to obtain relief absent default judgment. Finally, although

1  decisions on the merits are favored, such a decision is impossible where the defendant declines to
2  take part in the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093
3  (N.D. Cal. 2008). Accordingly, petitioner is entitled to default judgment.

4  II.     Requested Relief

5  A party's default conclusively establishes that party's liability, although it does not
6  establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.
7  1977) (stating that although a default established liability, it did not establish the extent of the
8  damages). When a party seek money damages, it is required to "prove-up" its damages by
9  submitting admissible evidence that supports its damage calculation. *Amini Innovation Corp. v.
10 KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1053-54 (C.D. Cal. 2011); *see also Rodriguez v. Wallia*,
11 No. C-11-03854 EDL, 2012 WL 1831579, *1 (N.D. Cal. Apr.18, 2012) ("Rule 55(b)(2) allows,
12 but does not require, the court to conduct a hearing on damages, as long as it ensures that there is
13 an evidentiary basis for the damages awarded in the default judgment.").

14 Petitioner has provided a copy of the final award from arbitration, which shows that
15 respondents were ordered to pay $150,384.64 for breaching the parties' contract and guarantee
16 agreement, plus $13,553.40 (HK$105,600.00) for the Tribunal's fees, $36,506.40
17 (HK$284,434.93) for petitioner's legal fees and expenses, and $4,544.25 (HK$35,406.00)
18 administrative fees. Accordingly, petitioner is entitled to a total award of $204,988.69.

19 III.    Attorney's Fees and Costs

20 Petitioner also seeks $43,875.50 in attorneys' fees and $1,872.75 in costs that it incurred
21 in bringing this suit. Under Federal Rule of Civil Procedure 54(d), "[a] claim for attorney's fees
22 and related nontaxable expenses must be made by motion unless the substantive law requires
23 those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).
24 Additionally, this court's local rules require a party seeking an award of attorney's fees to submit
25 an affidavit addressing certain criteria that the court will consider in determining whether an
26 award of attorney's fees is appropriate. *See* E.D. Cal. L. R. 293(b) and (c). The local rules also
27 provide that "[w]ithin fourteen (14) days after entry of judgment or order under which costs may
28 be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming

to 28 U.S.C. § 1924." E.D. Cal. L. R. 292. Pursuant to 28 U.S.C. § 1924, a party claiming any item of cost must submit a bill of costs together with an affidavit demonstrating that the "item is correct and has been necessarily incurred in the case . . . ."

Petitioner has not submitted an affidavit addressing the criteria listed in Local Rule 293. It has also failed to submit a bill of cost conforming to 28 U.S.C. § 1924. *See* E.D. Local Rule 292. Accordingly, its request for attorney's fees and costs should be denied without prejudice.

Accordingly, it is hereby RECOMMENDED that:

1. Petitioner's motion for default judgment, ECF No. 14, and petition to confirm the arbitration award, ECF No. 1, be GRANTED.

2. Judgment be entered against respondents, jointly and severally liable, in the amount of $204,988.69.

3. Petitioner's request for costs and attorney's fees be DENIED without prejudice to filing a motion in accordance with the court's local rules.

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 19, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6